IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-182-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ARAMIS GERALD WIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for reduction of sentence pursuant to the First Step Act of 2018 (DE 67). The motion was fully briefed and in this posture the issues raised are ripe for ruling. For the reasons set forth below, the court finds defendant is eligible for a sentence reduction under the First Step Act, but defers decision on whether to impose a reduced sentence pending the revocation hearing.

**BACKGROUND**

On July 29, 2010, defendant pleaded guilty, pursuant to a written plea agreement, to three counts of distributing more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The court sentenced defendant on February 4, 2011. The presentence investigation report, which the court adopted, determined defendant was responsible for distributing 275.75 grams of cocaine base, translating to a base offense level of 30. The total offense level, after applying reduction for acceptance of responsibility, was 27. With a criminal history category of III, defendant's Guidelines range was 87 to 108 months' imprisonment. The court sentenced defendant to concurrent terms of 87 months' imprisonment and five years' supervised release on all counts.

Defendant completed his custodial sentence on October 30, 2015. On July 9, 2019, United States Probation moved for revocation of supervised release, alleging defendant committed new

criminal conduct and possessed a controlled substance on May 2, 2019. The revocation hearing is currently scheduled for the court's October 6, 2020, term.

On August 7, 2019, indictment was filed in this court charging defendant with distribution of a quantity of cocaine, based upon the same criminal conduct identified in the instant motion for revocation of supervised release. See United States v. Wiggins, No. 4:19-CR-50-FL-1 (E.D.N.C. Aug. 7, 2019). Defendant pleaded guilty to this offense, without a plea agreement, on February 11, 2020. Id. (Feb. 11, 2020). Sentencing in the new criminal matter also is currently scheduled for the October 6, 2020, term of court.

Defendant filed the instant motion to reduce sentence pursuant to the First Step Act on June 23, 2020. The government responded in opposition on July 8, 2020.

**COURT'S DISCUSSION**

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants sentenced before August 3, 2010. Pub.

L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020). Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits. Id.

Here, defendant is eligible for relief where the statutory penalties for distributing five grams or more of cocaine base were modified by section 2 of the Fair Sentencing Act, defendant committed the offense before August 3, 2010, and he is not otherwise excluded from seeking relief under the Act. Dorsey, 567 U.S. at 269; United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019), as amended (Nov. 21, 2019). As the government rightly concedes, defendant's release from custody does not render him ineligible for a sentence reduction where he is serving his term of supervised release. See United States v. Venable, 943 F.3d 187, 194 (4th Cir. 2019) (holding defendant's "revocation sentence is a component of his underlying original sentence for the drug conviction" and therefore he remains eligible for relief under the First Step Act).

Having determined defendant is eligible for a sentence reduction under the First Step Act, the court must decide whether to exercise its discretion to reduce defendant's sentence. The

3

court's decision is guided by the revised Guidelines range under the First Step Act, defendant's post-sentencing conduct (both in custody and while on supervised release), and the relevant sentencing factors under 18 U.S.C. § 3553(a). See United States v. Chambers, 956 F.3d 667, 672, 674-75 (4th Cir. 2020).

The court will defer ruling on whether to reduce defendant's sentence until the revocation hearing, where the parties will have an opportunity to address the issues set forth above. The court, however, notes defendant's argument that if he had been sentenced under the Fair Sentencing Act and the related Guidelines amendments, defendant's Guidelines range at sentencing would have been 70 to 87 months' imprisonment. A comparable sentence under the Fair Sentencing Act would have been 70 months. As set forth above, with good time credits, defendant served a total of 87 months' imprisonment on the instant judgment of conviction. Defendant therefore requests that the court consider this alleged overserved time when fashioning an appropriate revocation sentence.[1] Furthermore, in the event the court grants the First Step Act motion and applies the Fair Sentencing Act's penalties, defendant's instant offense of conviction reduces to a Class C felony, subjecting him to a maximum term of two years' imprisonment upon revocation of supervised release. See 18 U.S.C. §§ 3583(e)(3), 3559(a); (DE 70). The government, on the other hand, argues the court should decline to reduce defendant's sentence based on his continued criminal conduct while on supervised release. In the event the court denies the motion, the instant offense remains a Class B felony, and the maximum term of imprisonment upon revocation of supervised release is three years. 18 U.S.C. §§ 3583(e)(3), 3559(a). The

---

[1] At this preliminary stage, the court does not make any final rulings as to defendant's proposed Guidelines calculation, or whether he overserved the sentence he would have received under the Fair Sentencing Act. The government may present any contrary Guidelines calculation and otherwise fully respond to defendant's argument at the hearing.

parties should be prepared to address these issues at the revocation hearing in the instant matter, and to the extent relevant, at the sentencing in United States v. Wiggins, 4:19-CR-50-FL.

## CONCLUSION

Based on the foregoing, the court finds defendant is eligible for a sentence reduction under the First Step Act. The court defers final ruling on the instant motion for reduction of sentence (DE 67) until the revocation hearing.

SO ORDERED, this the 31st day of July, 2020.

                                         LOUISE W. FLANAGAN
                                         United States District Judge